```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| RONALD D. PRIMAVERA, et al., | CIVIL ACTION NO. 04-6138 (MLC) |
| Plaintiffs, | **MEMORANDUM OPINION** |
| v. |  |
| ROBERT TORRICELLI, et al., |  |
| Defendants. |  |

**THIS MATTER ARISING** on the Court's order to show cause why the complaint — in this action to recover damages for personal injuries — should not be dismissed for lack of jurisdiction under 28 U.S.C. § ("Section") 1332, see Fed.R.Civ.P. 12(h)(3) (stating court shall dismiss complaint if jurisdiction appears lacking); and the plaintiffs bearing the burden of showing that jurisdiction exists, see Dev. Fin. Corp. v. Alpha Hous. & Health Care, 54 F.3d 156, 158 (3d Cir. 1995); and it appearing the plaintiffs are Pennsylvania citizens and the defendant Robert Torricelli is a New Jersey citizen (Am. Compl., at 1-2); and

**THE PLAINTIFFS ADDING** the defendant Woodrose Properties, LLC ("WPLLC") on May 25, 2005, and asserting WPLLC "is a New Jersey limited liability company that has an office [in] Lambertville, New Jersey" (id. at 2.); but the Court having advised the plaintiffs that:

> limited liability companies — as opposed to corporations — are (1) unincorporated associations, and (2) deemed citizens of each state in which their members are citizens, not the states in which they were formed or

have their principal places of business. Carden v. Arkoma Assocs., 494 U.S. 185, 195-97 (1990); Kalian at Poconos v. Saw Creek Ests. Cmty. Ass'n, 275 F.Supp.2d 578, 586 (M.D. Pa. 2003); Ketterson v. Wolf, No. 99-689, 2001 WL 940909, at *3 (D. Del. Aug. 14, 2001).

Each membership layer of a limited liability company also must be analyzed to determine its citizenship. Belleville Catering Co. v. Champaign Mkt. Place, 350 F.3d 691, 693 (7th Cir. 2003) (concerning limited-liability-company member, which was itself a limited liability company). See Hart v. Terminex Int'l, 336 F.3d 541, 543 (7th Cir. 2003) (stating citizenship of unincorporated association must be traced through however many layers of members there may be). The plaintiffs have failed to allege WPLLC's citizenship properly.

The Court is concerned (1) WPLLC will be deemed a citizen of, among other states, Pennsylvania, and (2) the plaintiffs are not "citizens of [a] different State[]" in relation to WPLLC. 28 U.S.C. § 1332(a)(1).

A challenge to jurisdiction under Section 1332 is measured "against the state of facts that existed at the time of filing — whether the challenge be brought shortly after filing, after the trial, or even for the first time on appeal." Grupo Dataflux v. Atlas Global Group, 541 U.S. 567, 571 (2004). Thus, the Court will dismiss the complaint for lack of jurisdiction under Section 1332 unless the plaintiffs (1) **provide a complete list of WPLLC's members as of May 25, 2005**, (2) **allege properly the citizenship of each WPLLC member**, and (3) demonstrate complete diversity of citizenship.

The plaintiffs are advised that **allegations as to where the members reside**, are domiciled, are licensed, or have a place of business — as opposed to are citizens — "**[will] not properly invoke this Court's jurisdiction when premised upon diversity of citizenship**." Forman v. BRI Corp., 532 F.Supp. 49, 51 (E.D. Pa. 1982). See Wolfe v. Hartford Life & Annuity Ins. Co., 148 U.S. 389, 389 (1893); Guerrino v. Ohio Cas. Ins. Co., 423 F.2d 419, 421 (3d Cir. 1970). The plaintiffs are advised also that **a response that is "on information and belief,"** an assertion that is not specific (e.g.,

>   citizen of "a state other than Pennsylvania"), or a
>   request for discovery or time to discern jurisdiction,
>   **will result in the complaint's dismissal**.

(5-31-05 Ord. to Show Cause, at 2-4 (emphasis added)); and

>   **THE PLAINTIFFS RESPONDING** to the order to show cause by

providing a certification from the defendants' counsel stating:

>   After a thorough investigation and **based on information
>   and belief**, I certify that all members of [WPLLC] are
>   **residents** of the State of New Jersey

(Astorino Certif., annexed to 7-5-05 Pl. Letter (emphasis added);

see 6-17-05 Pl. Letter, at 2 (stating plaintiffs were obtaining

"**residency** information" (emphasis added))); and the plaintiffs —

again — failing to (1) properly allege WPLLC's citizenship, and

(2) thus abide by the Court's directives; and it appearing the

plaintiffs failed to ascertain WPLLC's citizenship before

choosing to proceed in federal court; and the Court having stated

that the plaintiffs:

>   should have ascertained jurisdiction before they chose
>   to bring the action in federal court. See Techstar Inv.
>   P'ship v. Lawson, No. 94-6279, 1995 WL 739701, at *4
>   (E.D. Pa. Dec. 8, 1995) (stating unsupported Section-
>   1332-jurisdiction allegation may violate Rule 11). See
>   also Cohen v. Kurtzman, 45 F.Supp.2d 423, 436-38 (D.N.J.
>   1999) (granting Rule 11 motion for unsupported
>   jurisdiction allegation); Hussey Copper v. Oxford Fin.
>   Group, 121 F.R.D. 252, 253-54 (W.D. Pa. 1987) (same).
>   Also, when a party is represented by counsel, the Court
>   "should not need to underscore the importance of
>   adequately pleading and proving diversity." CGB Occ.
>   Therapy v. RHA Health Servs., 357 F.3d 375, 382 n.6 (3d
>   Cir. 2004).

(5-31-05 Ord. to Show Cause, at 4); and

**THE COURT THUS INTENDING** to dismiss the complaint for the plaintiffs' failure to demonstrate jurisdiction under Section 1332; and the parties being advised that such a dismissal is without prejudice to re-commence the action in an appropriate state court, as the limitation period for this state law claim has been tolled by the filing of the federal complaint, see Young v. Clantech, Inc., 863 F.2d 300, 301 (3d Cir. 1988), Galligan v. Westfield Ctr. Serv., 82 N.J. 188, 191-95 (1980); and for good cause appearing, the Court will issue an appropriate order and judgment.[1]

                                            s/ Mary L. Cooper
                                        **MARY L. COOPER**
                                        United States District Judge

---

[1] The plaintiffs, if they move under Federal Rule of Civil Procedure 60(b) for relief from the Court's judgment, should specifically address in support thereof each of the Court's jurisdictional concerns as expressed in the order to show cause at issue.